BOYLES v. POTTER COUNTY et al.
(No. 795.)

(Court of Civil Appeals of Texas. Amarillo. May 29, 1915.)

1. SCHOOLS AND SCHOOL DISTRICTS ⊂⇒135— TEACHERS — CONTRACTS — APPROVAL BY COUNTY JUDGE.

The failure of a teacher, who had unsuccessfully pursued her remedy by appeal to the state superintendent and state board of education, to resort to mandamus to obtain approval of her contract by the county judge, must be construed as an acquiescence on her part in the decision of the judge in refusing to approve the contract, and hence no valid contract existed between the trustees of the district and the teacher.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 130, 292–297; Dec. Dig. ⊂⇒135.]

2. SCHOOLS AND SCHOOL DISTRICTS ⊂⇒144— CONTRACTS TO TEACH—COMPENSATION.

The existence of a valid contract between the trustees of a school district and a teacher is a condition precedent to the right of the trustees to issue vouchers and of the county treasurer to pay them, and, until a written contract has been executed and approved, services performed by the teacher as such are without authority of law and she cannot recover therefor.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 308–314; Dec. Dig. ⊂⇒144.]

3. SCHOOLS AND SCHOOL DISTRICTS ⊂⇒145— CONTRACTS TO TEACH—COMPENSATION—ACTIONS—PETITION.

A petition, in a suit by a public school teacher for services for teaching in a district, which alleges that there was during the year in the hands of the county to the credit of the dis-

trict to pay for teaching in the district a specified sum, that the same was never paid out to any one for teaching the school of the district for the year, but that the teacher does not know whether the money is still so set aside, or whether the same has been distributed to other purposes, is defective for failing to affirmatively show that funds are on hand for the payment of the claim of the teacher.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 315–317; Dec. Dig. ☞145.]

**4. SCHOOLS AND SCHOOL DISTRICTS ☞145— TEACHERS — CONTRACTS — COMPENSATION —APPROVAL OF VOUCHERS.**

A public school teacher may not resort to the courts to recover for services rendered until an appeal has been unsuccessfully prosecuted to the state superintendent from the refusal of the county judge to approve vouchers, and this is true whether controversies arise between the teacher on one hand, and the trustees and county school officials on the other, and a resort to the remedies provided in the school law must precede the right to a resort to the courts for relief.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 315–317; Dec. Dig. ☞145.]

Appeal from Potter County Court; W. H. Kimbrough, Special Judge.

Action by Mabel Boyles against Potter County and others. From a judgment sustaining a general demurrer to the petition, plaintiff appeals. Affirmed.

Synnott & Underwood, of Amarillo, for appellant. Gustavus & Jackson, of Amarillo, for appellees.

HALL, J. This is a suit by appellant, a public school teacher, against Potter county, W. M. Jeter, county judge, his bondsmen, and school district No. 2, and the trustees thereof, to recover $385 and interest, alleged to be due for services rendered by appellant in teaching Cliffside school, in the above-named district, during the scholastic year 1912–13. The substance of the petition is that plaintiff had a valid certificate; that she entered into a valid contract with the trustees to teach the school beginning September 2, 1912; that she presented her contract to the county judge for his approval in due time; and that he arbitrarily refused to approve it, and has no legal excuse for his failure to do so. It is specifically alleged that the county judge had no objection to plaintiff as a teacher, either as to qualifications, ability, or moral worth, and that he refused to approve the contract for the sole reason that one patron of the school, to wit, George Overhulls, by reason of his dislike for plaintiff's father, did not desire to have plaintiff teach the school, and requested the said Jeter to see to it that plaintiff was not so employed; that merely to please the said Overhulls, and to gratify his whim, the said Jeter refused to approve the contract and procured plaintiff's election to teach in another school in said district; that the only reason the said Jeter had or urged

for not approving the same was that he had determined she should teach the Bushland and should not teach the Cliffside school, because of his promise to the said Overhulls; and that the same was no sufficient reason and was arbitrarily interfering and meddling with the duties of the trustees without authority of law and an absolute abuse of discretion in the matter; that his acts were a usurpation of the authority of the trustees, and a captious exercise of resentment; that plaintiff appealed to the state board of education and state superintendent, who affirmed the decision of the defendant Jeter; that, before a ruling from the higher state authorities could be obtained, September 2d arrived, and she was forced to begin teaching or breach the contract herself; that, believing a decision would be rendered in her favor, she began to teach and continued the whole year; that she made out her reports, had her vouchers executed by all the trustees according to law, and the said Jeter arbitrarily refused to sign the vouchers and abused his discretion in so doing; that she did not take a second appeal because it would have been useless; that there was during all the year in the hands of the defendant county, to the credit of said district, for the purpose of paying for teaching said Cliffside school, the sum of $385; that the same was never paid out to any one for teaching said school for said year, but that plaintiff does not know whether said money is still so set aside, or whether the defendant Jeter reapportioned the same and distributed the same to other purposes. The prayer is that the trustees and their successors be required to draw vouchers for said amounts and to sign and approve the same, and the further judgment that the said Jeter and his successor in office approve said vouchers. The court sustained a general demurrer to the petition, and from this judgment the plaintiff appealed.

[1, 2] Article 2825, Vernon's Sayles' Civil Statutes, requires that contracts made with teachers of public schools shall be in writing and shall be approved by the county superintendent before the school is taught. No effort was made by plaintiff, after she had exhausted her remedy by appeal to the state superintendent and state board of education, to resort to the courts in order to obtain the approval of her contract by Judge Jeter. Her failure to apply for a mandamus must be construed as an acquiescence on her part in the correctness of the position taken by Jeter in refusing to approve the contract when presented to him. The existence of a valid contract between the trustees and the teacher is a condition precedent to the right of the trustees to issue vouchers and of the county treasurer to pay them. Until a written contract has been duly executed and approved, the services performed by appel-

lant as teacher were without authority of law, and she cannot recover.

[3] It must further appear affirmatively from the petition that the funds are on hand for the payment of plaintiff's claim, and the petition herein is defective in that particular. Harkness v. Hutcherson, 90 Tex. 383, 38 S. W. 1120; Watkins v. Huff (Civ. App.) 63 S. W. 922.

[4] It further appears from plaintiff's allegations that her vouchers were not submitted to the county judge for approval, and she alleges, as an excuse for not doing so, the fact that she had been informed by the county judge that he would not approve them. Without a valid contract the county judge could not, of course, approve any vouchers issued for services rendered in teaching the Cliffside school. If, however, we admit the correctness of appellant's position that the county judge should have approved the contract, still the duty rested upon appellant to appeal from his decision in declining to approve her vouchers. It is held, in Plummer v. Gholson (Civ. App.) 44 S. W. p. 1, that a teacher cannot resort to the courts to recover for services rendered until an appeal has been prosecuted to the state superintendent from the refusal of the county judge to approve the vouchers; and this seems to be the rule in all matters where controversies arise between the teachers of public schools upon the one hand, and the trustees and county school officials on the other. In Adkins v. Heard, 163 S. W. 127, Carl, Justice, said:

"The Legislature has seen fit to place the educational affairs of this state within the jurisdiction of a department created especially for that purpose, and has at the same time fixed the method of procedure by giving the right of appeal from the school boards to the county superintendent, and then to the state superintendent and board of education. This is the primary jurisdiction, and the judiciary will not assume jurisdiction in matters coming within the prerogatives of that department until the remedies therein provided are shown to have been exhausted. And when it is made to appear that those remedies have not first been resorted to, as it does in this case, the bill will be dismissed. It is on the same footing with a case appealed to this court from the justice's court without first appealing to the county court. It is no answer to say that the department of education has ruled on the question in another case. Each case must rest upon its own peculiar facts. There would be just as much logic in a litigant seeking to go direct to the Supreme Court because this court had held adversely on a similar case, and therefore it was useless to pursue the course prescribed by law. This court will assume that the department of education will correctly and faithfully discharge the duties incumbent upon it in all cases, and will never assume jurisdiction of matters placed by law in that department until those remedies are shown to have been resorted to and exhausted."

It is useless to multiply authorities, many of which are cited in the opinion quoted, to sustain the doctrine that strict compliance with the requirements of the school law, as outlined in the statutes, and a resort to the particular remedies provided in the school law, must necessarily precede the right of any complainant to resort to the courts for relief. Appellant's petition is a strong appeal to our sense of justice, and the fact that she labored faithfully during the entire term, upon the request of the trustees of the district to do so, is, as claimed by plaintiff, a condition presenting a strong equity; but the school fund of the state is and has ever been, in a sense, held sacred. The Legislature, in an effort to guard and protect it, has wisely outlined certain rules under which it can alone be disbursed; and the courts of this state have uniformly enforced those rules to the letter. Plaintiff's petition clearly shows a failure on her part to bring herself within the statutory requirements, and therefore the action of the county court in sustaining the general demurrer was correct.

The judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
† Writ of error pending in Supreme Court.