## UNDERWOOD v. SABINAL INDEPENDENT SCHOOL DIST.    (No. 7391.)

(Court of Civil Appeals of Texas. San Antonio. June 12, 1925. Rehearing Denied July 2, 1925.)

1. Schools and school districts ⬤⟲145—Teacher discharged by district board of trustees and reinstated by state board of education required to demand payment of salary before suing therefor.

Where school teacher was discharged by district board of trustees, and was afterward reinstated by state Board of Education, before suing for salary due under contract it was necessary for him to make demand on board of trustees.'

On Motion for Rehearing.

2. Schools and school districts ⬤⟲145—Petition to recover teacher's salary must affirmatively state, when action was begun, there were funds in hands of trustees sufficient to discharge claim.

Petition by school teacher against school district to recover salary must affirmatively state that, when action was begun, there were funds in hands of trustees sufficient to pay off and discharge claim, and allegation that trustees had funds at time contract was made and during contract term is not sufficient.

Appeal from Uvalde County Court; H. C. King, Judge.

Action by J. R. Underwood against the Sabinal Independent School District. From an order sustaining a general demurrer to plaintiff's petition, he appeals. Affirmed.

King & York, of Austin, and Will Glover and Martin & Martin, all of Uvalde, for appellant.

K. K. Woodley, of Sabinal, and Green B. Fenley, Jr., and G. B. Fenley, both of Uvalde, for appellee.

FLY, C. J. This is a suit instituted by appellant against appellee to recover the sum of $442.50, alleged to be due him as a teacher in the public free schools of Sabinal independent school district from February 8, 1924, to May 16, 1924. It is alleged in the petition that appellant had been regularly employed by appellee to teach in the public school during the school term commencing in the fall of 1923 and ending about May 16, 1924, on a salary of $135 a month. It was alleged that appellant had been discharged from his position as teacher in February, 1924, by the board of trustees of such district, and had appealed from the order of discharge to the state superintendent of public instruction, and had appealed from his order approving the action of the board of trustees to the state board of education, which board had issued the following order:

"On this day, the state board of education, after due consideration of this appeal of J. R. Underwood from an order of the board of trustees of the Sabinal independent school district dismissing and discharging the said J. R. Underwood, appellant, as a teacher in the public schools maintained and governed by said board of trustees, which appeal has come to this board in the way and manner provided by law, the board finds and therefore so orders and adjudges that the law and facts are with the appellant, and that his appeal should be sustained, and that the order of judgment of the Board of Trustees dismissing said appellant be and is hereby in all things vacated, annulled, and set aside, as well as the order of the state superintendent of public instruction heretofore made in this cause, and all other orders and findings made by inferior boards and officers herein.

"It is hereby directed that this order be certified below for proper observance.

"Done this 10th day of September, A. D. 1924."

There was no allegation that an account or demand for the salary claimed to be due had ever been presented to the board of trustees of the independent school district and payment refused, or that any effort had been made to collect the salary from the trustees. The court sustained a general demurrer to the petition, and from that order this appeal has been prosecuted.

[1] The effect of the order of the state board of education was to nullify the order of dismissal of appellant, and to place him in the identical position occupied by him before he was dismissed. He was compelled to use the same means and proceed in the same way in the collection of his salary from the school trustees as would have been used before the order of dismissal which was disapproved. The order of the state board of education did not pass upon the matter of salary, for that was not directly involved in the suit, and did not seek to set aside the law for the collection of salaries. The finances of the school district were placed in the hands of the officers of the district and the funds could not be paid out except upon the order or voucher of the Board of Trustees, and the power of no court could be invoked to compel the payment of debts claimed to be due by the district until such claims had been passed upon by the board of trustees. The Legislature has sought to place the public free school system in a position of freedom from interference by the courts as far as is practical. Donna Independent School Dist. v. Bank (Tex. Civ. App.) 227 S. W. 974; South San Antonio School Dist. v. Martine (Tex. Civ. App.) 275 S. W. 265.

If suits were authorized whenever a teacher's salary becomes due, without any application to the board of trustees for the salary, it would create inextricable confusion and destroy the efficiency of the school system.

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The state has framed a school system, the business of which must be conducted along certain lines which must be conformed to by citizens dealing with the system.

It does not appear from the allegations of the petition that any effort was made to collect the salary from the trustees, nor that they had any funds in hand with which to pay the amount of the salary. Appellant seems to have been impressed with the idea that the order reinstating him in his position as teacher carried with it an order to the board of trustees to immediately hunt for him and place in his hands all the salary that might become due to him, but that position is untenable, and it was his duty to demand payment of any salary from the board of trustees he may have thought was due him, and only after a refusal to pay had been made and a futile appeal made to the state superintendent and state board of education could he carry the matter before the courts of the state. Appellant is in no better and no worse position than if he had not been dismissed and reinstated so far as the collection of his salary, but he must collect it in the usual way. He cannot ignore the rights and authority of the school trustees. Bevers v. Winfrey (Tex. Civ. App.) 260 S. W. 627, 635, at 632.

That appellant occupied the same position after his reinstatement as before he was dismissed is alleged in his petition, and it could not be successfully argued that he had any more rights after his reinstatement than before his dismissal, and it will not be contended that before his dismissal he could have enforced the payment of his salary without demanding it from the board of trustees. That is the position his petition places him in now.

The judgment is affirmed.

### On Motion for Rehearing.

Appellant was discharged on February 8, 1924, from the public school service, and was not reinstated until September 10, 1924, and there was no allegation in the petition that he presented a claim to the board of trustees after his reinstatement, nor before for that matter, and, of his allegations as to the appellee having funds on hand with which to pay his demand, there was nothing to indicate that there were any funds on hand when he was reinstated, and when he should have demanded his pay for the remaining part of the term from February to May 16, 1924.

It is alleged in the formal way common to all petitions for debt that the appellee, "though often requested, has failed and refused to pay the same or any part thereof." There is no proper allegation of demand and a refusal by the board to pay after the reinstatement of appellant on September 10, 1924. Appellant states in his petition that "the only issue to be determined in this cause is the amount of salary to which he is entitled under his contract after his unlawful discharge," and yet at the time when reinstated and when he could make demand, he fails to allege such demand, and makes no allegation that the board of trustees had money with which to pay if he had made demand. The only allegation of funds in the hands of the trustees is that they had funds at the time the contract was made and during the contract term. The contract term expired on May 16, 1924, nearly four months before appellant had been exonerated. Boyles v. Potter County (Tex. Civ. App.) 177 S. W. 210. The allegations as to funds being in the hands of the trustees were much stronger in the cited case than in this, and yet they were held not to be sufficient.

[2] It must be affirmatively stated that when the suit was instituted there were funds in the hands of the trustees sufficient to pay off and discharge the claim. In the case of Watkins v. Huff (Tex. Civ. App.) 63 S. W. 922, this court held:

"The petition was subject to the general demurrer, and the error is fundamental. The court was not informed that there was any money to satisfy this contract, in whole or in part."

To allege that the trustees had money on hand six months before the suit was begun did not meet the demands.

The motion for rehearing is overruled.