## RATCLIFF et al. v. BUNA INDEPENDENT SCHOOL DIST.
### No. 2184.

Court of Civil Appeals of Texas. Beaumont.

Jan. 28, 1932.

David E. O'Fiel, O. M. Lord, and J. A. Veillon, all of Beaumont, for appellants.

Lewis Lanier, of Jasper, for appellee.

HIGHTOWER, C. J.

This suit was filed by Mrs. Lillie Ratcliff, joined by her husband, R. C. Ratcliff, in the district court of Jasper county against the Buna independent school district of Jasper county to recover a money judgment for services performed by Mrs. Ratcliff as a public school teacher in what was once known as Gum Slough common school district No. 17 in Jasper county.

For cause of action the petition alleged, in substance, the following facts: That on the 27th day of June, 1929, Mrs. Ratcliff entered into a written contract with J. L. Jackson and B. M. Franklin, who were the duly elected, qualified, and acting trustees for Gum Slough common school district No. 17, by the terms of which the trustees of that district employed her to teach the school of that district for a period of eight months at a salary of $125 per month.

It was alleged in the petition that on the 5th day of September, 1929, Mrs. Ratcliff, in accordance with her contract, began her services as teacher of the school and that she continued thereafter to efficiently teach the school, as required by the terms of her contract, until the 23d day of December, 1929.

It was alleged that on December 24, 1929, an election was held in the Buna independent school district and also in the Gum Slough common school district to determine whether or not the two districts should be consolidated, and that the election in both districts was carried in favor of the consolidation of the two districts.

It was alleged that on December 26, 1929, the school authorities of the Buna independent school district passed an order abolishing the school that she had taught in the Gum Slough district and further ordered that all the school furniture and equipment be removed from that school and that the same be closed.

It was alleged that the Buna independent school district, after the consolidation of the two districts, took over all assets of the Gum Slough district and that, as a consequence of its doing so, the Buna independent school district became liable to her, as a matter of law, for the services she had performed as teacher of the school in the Gum Slough district.

It was alleged that the Buna independent school district, after the consolidation of the two districts, refused to allow Mrs. Ratcliff to teach the school that she was authorized to teach under her contract, and that that district thereby breached the contract that she had made with the two trustees of the Gum Slough common school district, and that, as a consequence of such breach, the Buna independent school district had become liable to her in the sum of $1,000, which she would have earned, and received under the terms of her contract with the Gum Slough common school district had she been permitted to perform her part of that contract. In this connection it was alleged that the Buna independent school district had failed and refused to pay Mrs. Ratcliff any sum of money whatsoever for the services that she performed as teacher of the school in the Gum Slough district and that she had received no compensation whatever for the services she performed under the terms of her contract as teacher of that school.

In view of the fact that counsel for appellants make the contention in their brief that Mrs. Ratcliff was entitled to recover for her services as upon quantum meruit, if not the salary claimed by her under her contract, we here copy paragraph 8 of the petition, which is the only paragraph in the petition that has any reference whatever to quantum meruit: "Plaintiff further represents that the services performed by this plaintiff were well and reasonably worth the sum of $125.00 per month and that the said sum is a proper and customary charge and that the said defendant received the benefit of her work and labor and that said plaintiff without regard to said contract on account of the services she has so performed are well and reasonably worth the sum of $1,000.00 in the alternative if it should be shown or contested that said contract was for nay reason."

The petition then alleges that Mrs. Ratcliff presented her claim for salary to the Buna independent school district (no date stated), and that after consideration the authorities of that district denied her claim; that in due time after such denial Mrs. Ratcliff appealed to the county superintendent of public schools for Jasper county, and that her claim for services as teacher was denied by that official; that thereafter, in due time, Mrs. Ratcliff presented her claim for services as teacher to the county board of education of Jasper county, and that that board, after considering the claim, denied the same; that thereafter, and in due time, Mrs. Ratcliff notified the county board of education that she was dissatisfied with its ruling against her and that she would, within five days from the date of that board's order, file suit in the district court of Jasper county to enforce collection

of her claim; and her petition shows that she did so.

The prayer was simply that Mrs. Ratcliff have judgment against the Buna independent school district for the sum of $1,000 and costs of suit and for such other and further relief, general and special, legal and equitable, as she might be justly entitled to receive.

The appellee, Buna independent school district, the only defendant below, answered by general demurrer, a number of special exceptions, general denial, and by other pleas to the merits which are not material to be here stated.

When the case was called for trial, the court below sustained the general demurrer and all the special exceptions interposed by the answer, and upon the refusal of plaintiffs to amend an order was made dismissing the suit, and it is from that ruling and order that this appeal is prosecuted.

■ Since the general demurrer was sustained by the trial court, the ruling on the special exceptions has become immaterial here and we shall dispose of the appeal by a determination of the correctness of the trial court's ruling on the general demurrer. By article 2749, R. C. S. 1925, the trustees of a school district are given the management and control of the public schools of their district. That article provides that the trustees of the district shall contract with school teachers and manage and supervise the public schools of the district subject to the rules and regulations of the county and state school authorities. Article 2750 provides as follows: "Trustees of a district shall make contracts with teachers to teach the public schools of their district, but the compensation to a teacher, under a written contract so made, shall be approved by the county superintendent before the school is taught, stating that the teacher will teach such school for the time and money specified in the contract." Article 2693 provides as follows: "The county superintendent shall * * * examine all the contracts between the trustees and teachers of his county, and if, in his judgment, such contracts are proper, he shall approve the same; provided, that in considering any contract between a teacher and trustees he shall be authorized to consider the amount of salary promised to the teacher."

There was no allegation, express or implied, in Mrs. Ratcliff's petition in this case that the written contract she claims to have entered into with the two trustees of the Gum Slough common school district was ever presented to the county superintendent of schools of Jasper county for his approval, nor was there any reason alleged in the petition why the contract was not presented to the county superintendent of schools for his approval, nor was it alleged that that official had in any manner or to any extent approved or agreed to the contract claimed by Mrs. Ratcliff as to the compensation she was to receive for her services as teacher, nor was it alleged, expressly or by implication, that Mrs. Ratcliff had any reason to believe that the county superintendent intended to or would approve the contract that she had made with the two trustees of the Gum Slough school district.

Since article 2750, as quoted above, clearly required the approval of Mrs. Ratcliff's claimed contract, to be approved as to compensation for her services as teacher by the county superintendent of schools of Jasper county, before it could have validity as a contract, and since there is no showing in the petition of that official's approval of her claimed contract, Mrs. Ratcliff could not recover upon her asserted contract, as she sought to do, and therefore the trial court's ruling on the general demurrer to that part of her petition was clearly correct. Boyles v. Potter County et al. (Tex. Civ. App.) 177 S. W. 210; Underwood v. Sabinal Independent School District (Tex. Civ. App.) 275 S. W. 267. See, also, Huntington Independent School District v. Scroggins (Tex. Civ. App.) 9 S.W.(2d) 171.

■ We doubt whether paragraph 8 of Mrs. Ratcliff's petition, as copied above, presents a statement of facts that would be sufficient to authorize a recovery by her as upon quantum meruit (if indeed there could be a recovery by a school teacher against a school district in Texas upon quantum meruit under any circumstances in view of our statutory provisions governing the public school system of this state). As we have shown above, it was nowhere alleged in her petition that she, before commencing her teaching, or at any time, had been led 'to believe that the county superintendent of Jasper county would approve her contract made with the two trustees of the Gum Slough district, or that the county superintendent had in any way expressed his satisfaction and approval of her claimed contract, though she is presumed, as all persons are presumed, to know that the statutory law of this state required her claimed contract to be approved by the county superintendent of schools of Jasper county as to the compensation she was to receive before she would be authorized, under the law of this state, to teach the school that she contemplated teaching. It is difficult to understand how Mrs. Ratcliff could claim or insist that her services as teacher were performed in good faith and with the expectation on her part that she would be paid the value thereof, when she knew that the county superintendent of Jasper county was the only person who could approve her claimed contract as to the compensation that she expected to receive for her services. It may be, though we do not decide the point, that a teacher, after making a written con-

tract with the proper trustees of a district, for the teaching of a school in this state, might recover the value of the services performed by the teacher under the contract, though not formally approved by the county superintendent, where it could be shown that the teacher entered upon the performance of the contract in good faith, believing, and having good reason to believe, that the contract would be approved by the county superintendent; but the petition in this case reflects no such state of facts. We say that we do not decide this point. All we decide in this connection is that Mrs. Ratcliff's petition in this case does not, in our opinion, show any grounds for recovery of any amount as for quantum meruit and, therefore, the trial court's ruling upon the general demurrer was not erroneous in that respect.

There is another reason, regardless of all others, why the general demurrer was correctly sustained. It was nowhere alleged in the petition, either expressly or by implication, that the appellee, Buna independent school district, had sufficient funds at the time this suit was filed, or at any time, to pay Mrs. Ratcliff's claim for services as school teacher, and in the absence of such an affirmative allegation in her petition she showed no right to judgment for services performed by her either under her claimed contract or upon her plea of quantum meruit, had that plea been sufficient, as such. This was clearly held in Boyles v. Potter County et al., supra, and Underwood v. Sabinal Independent School District, supra.

It results from these conclusions that the trial court's ruling on the general demurrer was correct and that the judgment should be affirmed, which has been our order.