

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 3, 1939

Hon. A. M. Pribble
County Attorney
Goldthwaite, Texas

Opinion No. O-562

Re: Validity of teachers' contracts

Dear Sir:

We are in receipt of your letter of March 28, 1939, wherein you ask our opinion in response to the following question:

"Where a common school district is consolidated with an independent school district, is a contract entered into between the board of trustees of the common school district before consolidation and a teacher binding upon the board of trustees of the consolidated district, assuming that the county superintendent would approve such contract?"

While your letter does not so state in so many words, from the wording of your question, we shall assume that the county superintendent had not approved the contracts prior to the consolidation. Article 2806, Revised Civil Statutes, provides for the consolidation of common school districts with contiguous independent school districts. Article 2808, Revised Civil Statutes, provides for the appointment of a board of trustees for the consolidated district by the board of county school trustees at its next meeting after the consolidation has been declared. Article 2809, Revised Civil Statutes, among other things, provides that "acting in collaboration with the district superintendent the board of trustees shall employ teachers for the several elementary schools in the district or for the departments of the high school, which teachers shall be elected for one year or two years as the trustees decide, and they shall serve under the direction and supervision of the district superintendent." Pertaining to the contracts made with teachers by trustees of common school districts, Article 2750, Revised Civil Statutes, provides in part as follows:

"Trustees of a district shall make contracts with teachers to teach the public schools of their district, but the compensation to a teacher, under a written contract so made, shall be approved by the county superintendent before the school is taught, stating that the teacher will teach such school for the time and money specified in the contract. . . ."

Article 2693, Revised Civil Statutes, provides in part as follows:

"The county superintendent shall approve all vouchers legally drawn against the school fund of his county. He shall examine all the contracts between the trustees and teachers of his county, and if, in his judgment, such contracts are proper, he shall approve the same; provided, that in considering any contract between a teacher and trustees he shall be authorized to consider the amount of salary promised to the teacher.". . .

In the cases of Ratliff v. Buna Independent School District, 46 S.W. (2) 459, and Boyles v. Potter County, 177 S.W. 210, it was held that such a teacher's contract is not a valid contract until and unless approved by the county superintendent of schools. In the case of Hill v. Smithville Independent School District, 239 S.W. 987, the Smithville Independent School District had been created by a Special Act of the Legislature and included within its boundaries parts of the Alum Creek and Upton Common School Districts. The suggestion was made that the Act impaired the obligation of contracts in that the Alum Creek and Upton Common School Districts had made contracts with teachers prior to the passage of said Act, which they would be unable to fulfill if the Smithville District was permitted to take away portions of their territory and scholastics as provided in said Act. We quote from the court's opinion as follows:

"A sufficient reply to this is that no such contracts had been made prior to the creation of the Smithville district. It is true that the trustees of those districts had signed an agreement with teachers as to their employment for the ensuing year, but these agreements had not been approved by the county superintendent. Until so approved they did not in law constitute contracts. R.S. art. 2756; Thomas v. Taylor (Tex.Civ.App.) 163 S.W. 129."

After consolidation with the independent school district, the common school district which you mentioned ceased to exist for all purposes with which we are here concerned. The Board of Trustees thereafter had no power to employ teachers for the consolidated district. Such power now resides with the Board of Trustees of the Consolidated District. The contract not having been approved prior to the consolidation now has no legal significance and vitality cannot now be given to it by approval by the county superintendent. We are, therefore, compelled to answer your question in the negative.

APPROVED
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

GRL:N:wb

Yours very truly
ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis
Glenn R. Lewis, Assistant