## CITY STATE BANK IN WELLINGTON v. WELLINGTON INDEPENDENT SCHOOL DIST. et al.

### No. 5565.

Court of Civil Appeals of Texas. Amarillo.

June 28, 1943.

Rehearing Denied Sept. 6, 1943.

R. H. Cocke, of Wellington, and John D. McCall, Millard Parkhurst, and Clarence E. Crowe, all of Dallas, for appellant.

Mahan & Broughton, of Childress, and Luther Gribble, of Wellington, for appellees.

PITTS, Chief Justice.

This is a suit for debt brought by appellant, the City State Bank of Wellington, Texas, against the Wellington Independent School District, appellee, on checks issued by appellee for teachers' salaries during the school year of 1941–42, which checks were paid by appellant, who claims appellee is liable to it for said checks in the total sum of $6,474.60.

Appellant alleged that it was the legal depository for the school funds belonging to appellee and attached a copy of its depository bond to its pleadings; that during the scholastic year of 1941–42 appellee issued checks against its state and county available fund to the teachers for their salaries in the total sum of $6,474.60 on the appellant as the legal depository of its funds; that said checks were endorsed by the payees and paid by appellant; that appellee did not have on deposit with appellant as depository any money for the payment of said checks and has failed and refused to make such deposits or otherwise pay such checks; that the amount in question, together with all other operation and maintenance expenses for said year was within the reasonable anticipated revenues for said scholastic year; that the amount claimed by appellant constituted a part of the maintenance and operation expenses; that said claim was an obligation against delinquent maintenance taxes due appellee and that the amount of delinquent maintenance taxes due appellee was then $15,000.

Appellee answered with a general denial and answered further that all the checks upon which appellant based its claim were drawn against the state and county available funds as appellant pleads and not against the local maintenance fund and that appellee deposited with appellant as its deposi-

tory for said year in said fund more money for the maintenance and operation of the schools than the total amount of checks, drafts and warrants drawn by it against said fund; that appellant was the holder of all such funds belonging to appellee and that if appellant held any such unpaid checks for said year it was because of its own wrongful conduct in converting said funds or misapplying them and, in either event, appellee denied liability.

The case was tried without a jury before the court who sustained appellee's motion for judgment when appellant rested and rendered judgment for appellee denying recovery for appellant without prejudice to its right to pay the checks in question out of the state and county available school fund for said year belonging to appellee, from which judgment an appeal was perfected to this court.

At the request of appellant the trial court filed his findings of fact, which are, in effect, as follows, to-wit: That appellant was the legal depository of appellee; that appellant was the owner and holder of the checks in the total sum of $6,474.60, all of which were drawn upon appellant against the state and county available fund for the year 1941–42; that the total receipts for said year for said state and county available fund deposited with appellant was $38,096.71; that the total amount of all checks, warrants and vouchers, including the checks in question drawn by order of appellee upon appellant against said fund for said year was $36,587.75; that appellee had never failed or refused to pay said checks and had never in any manner hindered appellant from paying same from said fund; that appellant, its officers and employees knew that all of said funds were appropriated for said scholastic year of 1941–42 and could be used only for paying checks, warrants and vouchers for said year; that appellee had on deposit with appellant in said fund for said year sufficient funds with which to pay all checks, warrants and vouchers, including the checks sued on, drawn against said fund.

The court concluded as a matter of law that appellant was not entitled to recover but that judgment should be rendered for appellee without prejudice to appellant's recovery out of the state and county available fund for the year 1941–42.

At the further request of appellant the trial court made an additional finding of fact that the uncollected delinquent maintenance taxes of appellee for years 1942 and prior thereto would be approximately $15,000.

The record discloses that appellant and appellee agreed that appellant used $7,813.29 out of the state and county available school fund for the scholastic year of 1941–42 for the purpose of paying checks dated prior to September 1, 1941, which checks were issued for teachers' salaries and teachers' retirement fund assessments accruing prior to said date of September 1, 1941, each check showing the month for which it was issued and the purpose for which it was issued.

The law provides that the fiscal school year runs from September 1st to August 31st of the next succeeding year.

Appellant presents three points or assignments of error as follows, to-wit: That the trial court erred in sustaining appellees' motion for judgment; that he erred in rendering judgment for appellee rather than for appellant and that he erred in not rendering judgment for appellant against the delinquent maintenance taxes to be collected by appellee. Appellee challenges each of said points with a counter point and both parties grouped them together for argument and they will be grouped together for disposal by this court.

The record clearly discloses that appellant paid checks drawn for the scholastic year 1940–41 in the total sum of $7,813.29 out of current funds belonging to the state and county available fund for the year 1941–42, thus creating a deficit in said fund for the year 1941–42. It is clear that because of said deficit appellant did not have sufficient funds in the state and county available fund for the year 1941–42 to pay all of the current expenses that accrued and for which checks were lawfully issued for said year.

Appellant concedes that it may be that it "should not have debited the 1940-1941 checks against the 1941–1942 funds but this in itself is not sufficient to justify the plaintiffs losing the thousands of dollars it paid out for the sole benefit of the school district" and it insists that said 1940-41 checks were drawn to pay teachers' salaries and teachers' retirement funds for said year and that the schools got the benefit of the money. Appellee contends that the law prohibits the appellant as depository from exhausting the current funds of appellee for the

year 1941–42 by the payment of expenses for the previous year and then recover on checks issued against state and county available funds for the current year without showing some authorization by appellee for such and without showing that such expenses for the previous year were valid obligations of appellee. Appellee further contends that the checks for expenses for the previous scholastic year created a deficiency debt and that said debt was thus void since the law prohibits the making of contracts with teachers for any fiscal year that will create a deficiency for said year and prohibits a school depository from paying checks issued in excess of the current funds for any fiscal school year.

Appellant alleged that the checks in question were issued against the state and county available school fund and that appellee did not have any funds on deposit to pay said checks and had failed and refused to pay the same and that said claim was an obligation against the delinquent maintenance taxes due appellee; then appellant closed with a prayer for judgment against appellee.

■ The trial court found that appellee did have on deposit with appellant sufficient funds in the state and county available fund for said year to pay all of said checks; that appellee had never failed or refused to pay said checks and had never in any manner hindered appellant from paying said checks from said fund. These findings were made at the request of appellant who did not except nor complain about such findings. The evidence supports these findings and this court is bound by them.

■ The Supreme Court adopted an opinion by the Commissions of Appeals in the case of Jennings v. Texas Farm Mortg. Co., 124 Tex. 593, 80 S.W.2d 931, 934, which opinion held that: " * * * The plaintiff must recover in the right in which he sues and upon the facts stated in his pleadings as the basis of that right, and cannot recover on a right different from that asserted, it matters not what the prayer may be." This rule is supported by Verschoyle et al. v. Holifield et al., 132 Tex. 516, 123 S.W.2d 878; Milliken v. Smoot, 64 Tex. 171; Smith v. Patton, Tex.Com.App., 241 S.W. 109, and other authorities. It appears to us that the above rule is applicable to this case and that appellant wholly failed to establish its cause of action as alleged,

but that the testimony overwhelmingly establishes the fact that appellee did place ample funds on deposit in the state and county available funds to care for the checks sued on as well as to pay all other checks drawn on said account for the scholastic year 1941–42, as found by the trial court who properly rendered judgment for appellee.

■ On the question of liability of appellee on the checks drawn on appellant against the state and county available fund and still unpaid because of a deficiency created as a result of appellant's use of current funds in said account to pay checks issued the previous year, Article 2749, R.C.S., provides that: "The trustees, in making contracts with teachers, shall not create a deficiency debt against the district." But irrespective of the term for which the contract is made, it will not bind the trustees to employ the teachers for the full term unless the school fund is sufficient to run the school for that length of time and the burden is upon the payee who sues to establish that there were sufficient funds to comply with the contract. 37 Tex.Jur. 1040, par. 157; Jones v. Dodd, Tex.Civ.App., 192 S.W. 1134; Ratcliff v. Buna Independent School District, Tex.Civ.App., 46 S.W.2d 459; Gibson v. Buna Independent School District, Tex.Civ.App., 49 S.W.2d 1119.

■ The Supreme Court in the case of Collier v. Peacock, 93 Tex. 255, 54 S.W. 1025, 1026, held that: " * * * the trustees were not authorized to contract any debt which would cause a deficiency in the school fund of the district. In other words, they could not contract debts in the employment of teachers to an amount greater than the school fund apportioned to that district for that scholastic year." Such rule has been uniformly followed for many years. 37 Tex.Jur. 1039, par. 157, and the numerous authorities thereunder cited, and page 972, par. 100 of the same text.

In the case of Stephenson et al. v. Union Seating Co., 26 Tex.Civ.App. 16, 62 S.W. 128, writ refused, the court held that the holder of warrants, having stood by and permitted the funds against which his warrants were drawn to be used for other purposes, was not entitled to recover from other funds of the district. In the instant case appellant did not only stand by and permit the funds appropriated for the payment of the checks sued on to be used for

other purposes but appellant was responsible for such funds so appropriated for such purposes being spent for other purposes.

 A part of the condition of appellant's bond, a copy of which is attached to its pleadings, is as follows: " * * * That it will comply with all the provisions of the laws of the State of Texas relating to school fund depositories; that it will perform all duties therein specified, and will execute any and all instruments and documents necessary to evidence its obligation to this district; that it will safely keep and faithfully receive and disburse the school funds according to law and pay such warrants and/or vouchers that may be legally drawn on the funds by legal authority and that it will account for and report annually a statement to the State Superintendent of Public Instruction as is required by law." The law makes appellant liable as a depository for the manner in which all funds are handled. 37 Tex.Jur. 967, par. 104, and authorities thereunder cited.

Appellant contends, in effect, that the debt in question is a valid, moral obligation and should be paid out of appellee's funds collected from delinquent taxes for previous years. Appellant cites authorities tending to urge broad discretionary powers of the trustees of a school district in caring for its legal obligations and likewise quotes in support of its claim from an opinion No. 1901 by the Attorney General's Department rendered in 1916–1918:

"School trustees may issue warrants in favor of school teachers to be paid from delinquent taxes when collected." It likewise quotes in support of its claim from opinion No. 4257 by the present Attorney General's Department as follows:

"Debts may not be contracted greater than the amount of available funds on hand or that may be reasonably anticipated for the school year. A debt created in excess of such amount is void and constitutes no claim against the district. Obligations expressly payable out of funds accruing to the district in a subsequent school year may not validly be created by the trustees of a school district; such obligations are void and create no liability whatsoever on the part of the district. If in a previous year a debt was validly created in reasonable anticipation of revenues to be collected for that year, but the fund actually realized was insufficient to discharge the same, such debt may be paid from the delinquent taxes of such previous year or years prior thereto."

This court does not feel called upon, under the record in this case, to determine whether or not appellee is morally obligated to pay appellant, neither does this court feel called upon, under the record, to determine whether or not appellee "may issue warrants in favor of appellant to be paid from delinquent taxes when collected."

For the reasons given above, the judgment of the trial court is affirmed.