**GRIFFIN et ux. v. PRITCHETT et al.**

No. 12289.

Court of Civil Appeals of Texas. Galveston.

Jan. 10, 1952.

Rehearing Denied Feb. 7, 1952.

Rex Poston, Pat N. Fahey, of Houston, for appellants.

P. Harvey, of Houston, for appellee, O. H. Pritchett.

Vinson, Elkins & Weems and Gene M. Woodfin, all of Houston, for appellee, Boyd Harrist.

Dick Young, of Houston, for appellee, B. R. Williams.

MONTEITH, Chief Justice.

This action was brought by appellee, O. H. Pritchett, seeking reformation of an alleged mistake in the description of the property conveyed in a deed dated February 6, 1945, executed by O. H. Pritchett, and conveying to appellants, Neut C. Griffin and Jimmie T. Griffin, the North one-half of Lots 12, 13, 18 and 19 of Block 7, Recreation Farms, a subdivision of the T. M. Dorsett Survey in Harris County, Texas. He asked that the description in said deed be reformed so as to show title in appellants to all of Lots 12 and 13 in said Block 7. Appellants answered by a plea of not guilty. They specially plead the four year statute of limitation, Article 5529, Revised Civil Statutes, against appellee's right to reformation, and the five year statute of limitation, Article 5509, Revised Civil Statutes. By cross-action B. R. Williams and Boyd Harrist and wife were made parties defendant and they sought recovery of certain parts of the land in controversy.

In a trial before the court judgment was rendered holding that there was no ambiguity in the description of the property conveyed in the deed from O. H. Pritchett to Neut C. Griffin and wife, dated February 6, 1945, and that said deed conveyed to grantees, Neut C. Griffin and Jimmie T. Griffin, Lots 12 and 13 of said Block 7, as shown by the map of said subdivision, being the North one-half of the property described in deed from H. M. Corl and wife to O. H. Pritchett and that the title to said lots be vested in them. The court found that said deed did not convey any part of

Lots 18 and 19 of said Block 7 of said Recreation Farms Subdivision. The court denied appellants any relief on their cross-action against the appellees.

The description sought to be reformed is contained in deed from O. H. Pritchett to Neut C. Griffin and wife, Jimmie T. Griffin, which conveyed the North one-half of Lots 12, 13, 18 and 19 in Block 7 of Recreation Farms.

The trial court prepared and caused to be filed his findings of fact and conclusions of law, in which he found, in substance that by general warranty deed dated April 28, 1943, H. M. Corl and his wife conveyed to O. H. Pritchett Lots 12, 13, 18 and 19 of said Block 7 of the Recreation Farms; that, at the time of the purchase, there was a one-room house on said Lot 18, which Pritchett converted into a four-room dwelling; that on October 8, 1943, he entered into a contract of sale of said Lot 18 to B. R. Williams and placed Williams in possession of the property and the improvements thereon and that Williams has remained in possession of all of said Lot 18 from that date until the present time; that on June 8, 1944, O. H. Pritchett entered into a contract to sell Mrs. Neut Griffin the North one-half of the property acquired by him from H. M. Corl and wife; that at the time of the execution of this contract of sale B. R. Williams was in possession of all of said Lot 18; that the said Neut C. Griffin and Jimmie T. Griffin went into possession of Lots 12 and 13, shortly after June 8, 1944, and have remained in possession of Lots 12 and 13 until the time of the trial; that they had constructed a fence along the north boundary line of Lots 18 and 19 and the south boundary line of Lots 12 and 13 which was in existence at the time Neut C. Griffin and Jimmie T. Griffin entered into possession of said lots, and that said fence has been kept up by them to the date of the trial.

The court found that, subsequent to the execution of the contract of sale to Mrs. Griffin and the execution of the deed from O. H. Pritchett to Neut C. Griffin and his wife, the Griffins had remained in possession of Lots 12 and 13 and constructed the exterior of a four-room frame dwelling thereon; that on September 16, 1946, O. H. Pritchett had entered into a contract of sale with Boyd Harrist and his wife conveying Lot 19 of said subdivision and the improvements thereon to them, and that upon the execution of the contract of sale, Harrist and his wife had moved into the dwelling on said property and had made valuable improvements on said property and had remained in exclusive possession thereof from the time of their entry to the present time.

The court found that Neut C. Griffin and wife have never had possession of Lot 18 or 19 of said subdivision, but that B. R. Williams has remained in exclusive and continuous possession of Lot 18 since 1943; and that Boyd Harrist and wife have remained exclusively and continuously in possession of Lot 19 from September, 1946, and that they have paid State, county and school taxes on said Lot 19, and that Neut C. Griffin and Jimmie T. Griffin have paid State, county and school district taxes on said Lots 12 and 13.

The trial court concluded that as a matter of law when the whole of the description of the property conveyed in said deed is considered and all of the parts thereof are harmonized, the deed properly describes the north one-half of the property described in the deed from H. M. Corl and wife to O. H. Pritchett, dated April 28, 1943, that the description of the property, when properly considered, was of the north one-half of said plot of ground, and that it was the intent of the parties at the time of the execution of the deed to convey to Neut C. Griffin and Jimmie T. Griffin the north one-half of said four-acre plot.

■ It is the established rule in this State that a construction of the description in a deed should be adopted which gives effect to each and every part of the instrument, Hearne v. Gillett, 62 Tex. 23; Ogletree v. Abrams, Tex.Com.App., 67 S.W.2d 227; Dallas Joint Stock Land Bank v. Harrison, 138 Tex. 84, 156 S.W.2d 963, and that the court must determine what the intention of the parties was and that in determining such intention that construction is preferred which harmonizes apparently

conflicting clauses in the instrument. Associated Oil Co. v. Hart, Tex.Com.App., 277 S.W. 1043.

In the recent case of Universal C. I. T. Credit Corp. v. Daniel, Tex.Civ.App., 243 S.W.2d 154, 157, the Supreme Court, in its opinion said, "In the law texts and court decisions will be found a plethora of definitions of the words 'ambiguous' and 'ambiguity' and of tests for determining whether instruments are ambiguous. * * * The words are often used to denote a simple lack of clarity in language but that is not the sense in which we use them here.

"In a fairly recent case this court said that 'if a written contract is so worded that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous.' Lewis v. East Texas Finance Co., 136 Tex. 149, 146 S.W.2d 977, 980. * * * The converse of this is that a contract is ambiguous only when the application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the proper meaning."

Continuing, the court said, "In the interpretation of contracts, whether they be ambiguous in the sense that that term is here defined or simply contain language of doubtful meaning, the primary concern of the courts is to ascertain and to give effect to the true intention of the parties. To achieve this object the courts will examine and consider the entire writing, seeking as best they can to harmonize and to give effect to all the provisions of the contract so that none will be rendered meaningless. With these rules of interpretation in mind let us examine the contract before us."

■ It is apparent, we think, that a consideration of the deed sought to be reformed, taken in connection with the plat which is referred to in the deed, and the deed from H. M. Corl, which is incorporated in the description in the deed by reference, that at the time of the execution of the instrument Pritchett intended to convey to appellants only the north one-half of said lots and not the entire plot of ground, and it is apparent, we think, that the parties, by their acts and conduct, have placed a construction upon the deed showing that it was the intention of the grantor to convey to the appellants the north one-half of said four lots.

■ There is, we think, ample evidence to support the findings of fact of the trial court and since such findings are binding upon this court, City State Bank in Wellington v. Wellington Independent School District, Tex.Civ.App., 173 S.W.2d 738, affirmed 142 Tex. 344, 178 S.W.2d 114, the judgment of the trial court must be in all things affirmed.