### DAVIS v. EMPLOYERS CASUALTY CO.
No. 5899.

Court of Civil Appeals of Texas. Amarillo.
Oct. 4, 1948.

Rehearing Denied Nov. 8, 1948.

Hugh L. Umphres, Jr. and Grady L. Fox, both of Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Boyce, of Amarillo, for appellee.

PITTS, Chief Justice.

This suit was filed by appellee, Employers Casualty Company, against appellant, E. E. Davis, d/b/a Davis Bumper to Bumper, to recover insurance premiums together with interest thereon. The case was tried to the court without a jury and judgment was rendered for appellee for the sum of $3,666.73 together with lawful interest thereon from which judgment an appeal has been perfected to this Court.

The undisputed evidence, most of which is admitted by a stipulation between the parties, reveals that appellee had issued to appellant an automobile insurance policy covering only automobiles owned by him for a period of one year from June 19, 1943 to June 19, 1944, indemnifying appellant against limited liability losses for personal injuries and property damages; that thereafter the coverage was amended by two riders attached to the policy, namely, endorsement number 2 denominated as "Motor Truck Endorsement" and endorsement number 11 denominated as "Hired Automobile Endorsements"; that endorsement number 2 was attached to the policy for the purpose of making the provisions thereof conform with the re-

quirements of 911b, Section 13, Vernon's Annotated Statutes, and for the purpose of extending the coverage to appellant's liability, for damages caused by the operation of vehicles under the provisions of a permit issued to appellant by the Railroad Commission of Texas, whether such damages were caused by vehicles owned by appellant or not; that endorsement number 11 was issued at the request of appellant and provided that the insurance afforded by the policy should also apply to the use of all commercial motor vehicles hired by appellant and it also provides that the premiums should be computed on the basis of the amount incurred by appellant for the hire of motor vehicles at the rate of $2.576 per $100 cost of hire during the period of time in question; that during the period of time in question appellant hired commercial motor vehicles at a cost of $117,045.18 on which a premium of $3,015.08, based upon the given rate, was payable under the terms of the provisions of endorsement number 11, which sum less $25.76 previously paid left a balance of $2,989.32 together with 6% interest thereon outstanding and unpaid; that prior to June 19, 1944 the Texas Railroad Commission issued to appellant under the provisions of article 911b, Section 13, a common carrier permit number 3440 authorizing him to transport petroleum products in bulk tank motor vehicles for hire as a common carrier within certain areas in this State and the said motor vehicles hired by appellant operated under the said permit number 3440; that on August 17, 1942 the Texas Railroad Commission entered an order as an emergency war measure authorizing holders of legal common carrier permits to lease under written contract motor vehicle equipment of private carriers in order to render adequate service in compliance with certain emergency regulations of the National Government and Federal War Agencies and such emergency order continued in force to cover the period of time in question; that the policy in question and the riders attached thereto were in full force during the period of time in question; that about the time appellant procured his common carrier permit number

3440 he also procured a United States Government contract for transporting aviation gasoline by motor trucks from refineries and various railroad points to army air fields in accordance with the terms of his said permit; that appellant did not own enough motor trucks to enable him to perform the terms of his contract and that he at various times contracted in writing with others to haul some of the gasoline in motor trucks owned by them, using lease forms in each instance prescribed by the Texas Railroad Commission; that each contract provided that the owner of the truck, as lessor, lease to appellant, as lessee, the motor vehicle described in the contract, for a valuable consideration, for one continuous trip, operating under appellant's said permit number 3440, to move the gasoline from the point designated by appellant to such other point as he may designate with the lessor furnishing the driver of the truck but appellant agreed in each contract as lessee to furnish public liability and property damage insurance for the protection of the public. The record further reveals and it is agreed by stipulation that the contract, as carried out in each instance, created an independent contract relationship, with the lessor or truck owner being the independent contractor; that appellant has not paid the balance of the premiums due on the said policy with riders attached to cover protection afforded him during the transportation of gasoline by the hired trucks in question but denies liability therefor.

At the request of appellant the trial court filed its findings of fact and conclusions of law in support of its judgment. Its findings were consistent with the facts heretofore stated and it concluded as a matter of law that appellee was entitled to recover from appellant the balance of the unpaid premiums together with interest thereon from June 19, 1944.

Appellant predicates his appeal upon three points of error complaining in effect that appellee insured no risk and was not therefore entitled to any premiums; that the hired motor vehicles in question were not hired within the meaning of the hired automobile endorsement; and that even if it be conceded that the parties intended to insure the said hired motor vehicles in question, appellee "failed to allege or prove the legal rate of premium which it is entitled to charge and recover by judgment." Appellant's last complaint will be considered first. Appellee pleaded the essential terms of the policy in question together with the terms of the riders attached thereto and particularly did it plead the premium rate as set forth in endorsement number 11. The policy, together with its riders, was introduced in evidence, endorsement number 11 showing the premium rate to be $1.926 per $100 cost of hire for bodily injury liability and 65¢ per $100 cost of hire for property damage liability making a total of $2.576 per $100 or $25.76 per $1,000. It was agreed by stipulation between the parties that appellant had hired the use of commercial motor vehicles and had paid them the total sum of $117,045.18. These are the figures upon which the trial court computed the amount of its judgment, which we find was supported by both the pleadings and the evidence and we overrule appellant's complaint to the contrary.

It seems that one of the grounds at least upon which appellant denies liability is that the employed truck drivers were independent contractors and he would not be liable for any of their negligence while delivering his gasoline. The record reveals that the State Railroad Commission prescribed the forms of lease contract used by appellant and the various owners of the trucks hereinabove mentioned and an executed copy of each contract was filed with the Railroad Commission. In order to obtain his said common carrier permit number 3440 appellant was required by Article 911b, Section 13, to provide liability insurance. Not only was such insurance required by law but it was also required by order of the Railroad Commission and appellant obligated himself to furnish it under the terms of each contract he entered into with the owners of the hired motor trucks. Appellant requested appellee to amend the terms of the policy in order to make it

cover hired automobiles as a result of which appellee attached thereto endorsement number 11, the terms of which provide for bodily injury and property damage liability insurance coverage on automobiles hired by the insured. The trial court found that the policy and endorsements 2 and 11 provided for insurance coverage on the hired trucks. We believe there is evidence of probative force to support the trial court's findings. The parties and this Court are therefore bound by such findings. The question is then raised as to whether or not appellant, as the holder of a common carrier permit, would be liable, as a matter of law, for the negligence of a hired independent contractor who was hauling a commodity for him under such permit. We think the rule is well established that the holder of such a permit is responsible for the conduct of those whom he allows to act under his permit even though they be independent contractors. We therefore conclude that appellant would have been legally liable for any damages done to the public by reason of any negligence of the operators of the trucks leased by him to transport the commodities under the authority given him and between the points designated by him although the operators were denominated as independent contractors. In support of the rule and our conclusion we cite the following authorities: Venuto v. Robinson, 3 Cir., 118 F.2d 679, 682, certiorari denied C. A. Ross, Agent, Inc., v. Venuto, 314 U.S. 627, 62 S.Ct. 58, 86 L.Ed. 504; Hodges v. Johnson, D.C., 52 F.Supp. 488; Emerson v. Park, Tex.Civ.App., 84 S.W.2d 1100; McCarthy v. Valdez, Tex.Civ.App., 10 S.W.2d 1051; Kemp v. Creston Transfer Company, D.C., 70 F.Supp. 521, 534.

■ Appellant further complains that the motor trucks employed by him to transfer the gasoline were not hired within the meaning of the terms expressed in endorsement number 11 and there was no evidence to support such a finding and conclusion of the trial court. The record reveals that Hollis DeGrassi, a former employee of appellee, testified in effect that appellee had issued a policy to appellant covering the motor vehicles he owned; that soon thereafter appellant explained to witness that he sometimes had others do some hauling for him and appellant wanted to know how to protect himself with liability insurance in such instances; that the witness talked to appellee's underwriter, as a result of which the hired automobile endorsement number 11 was issued and attached to appellant's policy for the purpose of giving him liability insurance to cover hired motor vehicles. The policy with endorsement number 11 attached thereto was introduced in evidence without objections as is shown by the stipulation of the parties and no controverting testimony was offered. The policy, together with endorsement number 11, was sent up on appeal as an original exhibit and is attached to the Statement of Facts. The rider provides for bodily injury and damage liability insurance to cover motor vehicles hired by the insured. It further provides that the earned premium for the policy shall be computed on the basis of the amount actually incurred by the named insured for the hire of motor vehicles at a given rate stated therein. Appellant hired the motor vehicles and paid them as heretofore stated. He accepted the protection under the terms of the policy with the riders attached which gave the rate and the manner of computing the premiums when trucks were hired. Under the record before us it is our opinion that the trial court was justified in finding and concluding that appellant is liable for the premiums computed in the manner and under the rate set forth in endorsement number 11 providing appellant with liability insurance covering hired motor vehicles and appellant's complaint to the contrary is overruled.

A careful examination of the record and the briefs fail to reveal any reversible error. The judgment of the trial court is therefore affirmed.