Delois RICHARDSON et vir, Appellants,

v.

J. W. REVELL et ux., Appellees.

No. 6863.

Court of Civil Appeals of Texas.

Amarillo.

April 20, 1959.

Roy Joe Stevens and Joe Brock, Amarillo, for appellants.

Allen Harp, Childress, for appellees.

CHAPMAN, Justice.

This is a child custody case brought by the natural mother, Delois Richardson and the stepfather, Carrol Edwin Richardson against her parents, J. W. Revell and wife, Adalar Revell, in which they sought a change of custody of her child, Billie Stevie Roberson. The custody had previously been placed by court decree in the child's maternal grandparents, J. W. Revell and wife, Adalar Revell, who had reared said child from infancy. The child at the time of trial was a male child 7 years of age. The case was tried to the court which found, "The best interest of the child, Billie Stevie Roberson will be served by leaving the custody of said child with respondents, J. W. Revell and wife, Adalar Revell."

Appellants made application to the trial court for findings of fact and conclusions of law. The court found that, except for short periods, when such child was with his mother and stepfather, he continually lived in the home of and was supported by his maternal grandparents; that the mother and stepfather were not proper persons to have his care, custody and control; that his maternal grandparents were proper persons to have the care, custody and control of said child, "They having cared for, supported and maintained said child with the exception of a few months during the child's entire lifetime, and that it would not be to the best interest of such child that he now be taken from their custody and placed in the custody of Delois Richardson and Carrol Edwin Richardson."

The record shows no challenge by appellants, either in the court below or by point of error in this court, of the trial courts findings of fact. The correctness of such findings having not been challenged, and they being more than amply supported by the record, this court is bound by them. City State Bank in Wellington v. Wellington Independent School District, Tex.Civ. App., 173 S.W.2d 738; Davis v. Employers Casualty Co., Tex.Civ.App., 214 S.W.2d 642; Smith v. Jordan, Tex.Civ.App., 220 S.W.2d 481; John Hancock Mut. Life Ins. Co. v. Stanley, Tex.Civ.App., 215 S.W.2d 416.

We are not unmindful of the general rule that natural parents have first preference of custody of their children, but this right is merely a prima facie right and not an absolute or property right. This court has held that, "The legal and natural claim of the parents to custody should never be disregarded as an influential factor but such right must yield where the child's welfare requires that its custody be given to others." Reid v. Horton, Tex.Civ.App., 278 S.W.2d 626, 630.

This court has also held that:

" * * * the question of a minor child's custody * * * is addressed to the sound discretion of the trial court, who faces the parties and the witnesses, observes their demeanors and personalities, and feels the forces, powers and influences that cannot be discerned by merely reading the record. He is therefore in a better position to analyze the facts, weigh the virtues of the parties, and determine what will be for the best interest of the minor child * * * It is a well-established rule of law that the judgment of the trial court in such a case will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion." Thompson v. Haney, Tex. Civ.App., 191 S.W.2d 491, 493.

Believing the trial court made a proper disposition of this case and no error having been shown in the record the judgment of the trial court is affirmed.