**William Hubert PHILLIPS, Appellant,**

v.

**AMERICAN GENERAL INSURANCE COMPANY et al., Appellees.**

No. 7324.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 17, 1964.

Ray & Knudtson, Amarillo, for appellant.

Culton, Morgan, Britain & White, Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellees.

DENTON, Chief Justice.

Appellant, William Hubert Phillips, brought this suit against American General Insurance Company, Fidelity & Casualty Company of New York, Leon Cox d/b/a Leon Cox Trucking, Gilvin-Terrill, Inc. and Panhandle Gravel, Inc., for personal injuries. Phillips first sought to recover for total and permanent disabilities under the Workmen's Compensation Law; and alternatively, in the event he was not entitled to recover under workmen's compensation, he sought damages against all defendants equal to a recovery under the Workmen's Compensation Law, plus medical expenses, interest, and punitive damages. Punitive damages were sought on the ground of an alleged conspiracy between the various defendants to violate Article 911b, Vernon's Ann.Civ.St., relating to regulation of motor carriers by the Railroad Commission. The trial court, without the intervention of a jury, entered judgment for all named defendants and Phillips perfected this appeal.

The facts are undisputed. The record contains no statement of facts, but the record contains findings of fact in addition to "Agreed Fact Stipulations" approved by counsel for all parties. From such findings and stipulations it can be determined Phillips was seriously injured on May 5, 1959, while hauling a load of gravel from the pit of Panhandle Gravel, Inc. to a point in Randall County, Texas. The truck being driven by Phillips was owned by Floyd Bichsel; Phillips was not an employee of Leon Cox d/b/a Leon Cox Trucking because of an independent contractor relationship existing between Cox and Bichsel. The stipulation contains two written agreements previously entered into whereby Bichsel is designated as an independent contractor of Cox. The other instrument designates Cox as an independent contractor of Panhandle Gravel, Inc. Cox, Panhandle Gravel, Inc. and Gilvin-Terrill, Inc., had workmen's compensation insurance for their own employees; and none of these defendants ever regarded Phillips as an employee. It was stipulated and so found by the trial court that Cox did not hold a permit or certificate of convenience in accordance with Article 911b when he was required to do so.

The trial court's findings dealt only with defendant Cox and appellant brings forward no points of error directed at the court's judgment in favor of defendants, American General Insurance Company, Gilvin-Terrill, Inc. and Panhandle Gravel, Inc. We are therefore without authority to pass upon the trial court's judgment as it relates to these named defendants. Bichsel was not named a party to this law suit.

Appellant's only point of error attacks the trial court's judgment on the ground Cox was operating in violation of Article 911b by operating his gravel trucks as a contract carrier without a permit. It is appellant's contention this violation abrogates the independent contractor relationship between Cox and Bichsel; thus the non-delegable duty which would have been created by the issuance of a permit to Cox would render Cox liable to appellant.

 Appellant excepted to the judgment in compliance with the provisions of Rule 307, Texas Rules of Civil Procedure, which has the effect of claiming the court's findings do not support the judgment. This same rule permits appellant to appeal without a statement of facts. In the absence of a statement of facts the appeal must be decided upon the transcript which includes the pleadings, stipulations, findings of facts, and judgment of the trial court. Dorman v. Cook (Tex.Civ.App.), 262 S.W.2d 744 (Dismissed); Southern Pine Lumber Company v. Smith (Tex.Civ.App.), 183 S.W.2d 471 (Refused, W.M.). It is therefore incumbent upon this Court to affirm the judgment of the trial court unless the pleadings, stipulations and findings of the trial court do not support the judgment.

 Appellant contends that Cox, having operated his trucks without a permit as required by Article 911b, would not be relieved of his non-delegable duty to appellant. This contention is based on the alleged conspiracy between Cox and Bichsel, owner of the truck being driven by appellant at the time he was injured. Appellant strongly relies on Berry v. Golden Light Coffee Company, 160 Tex. 128, 327 S.W.2d 436; and Emerson v. Park (Tex.Civ.App.), 84 S.W.2d 1100 (Dismissed), to support his position. These and other cases cited are not in point. The Berry case involved a proven conspiracy between the truck owner and the owner of the goods being transported. Both the Berry and Emerson cases are authority for the well-settled rule that the holder of a certificate or permit to operate a motor carrier on the highways of the state may not delegate to another the rights conferred by such certificate or permit so as to release himself from liability to those injured by the negligence of the wrongfully delegated party. See also Wardlow v. Newberry (Tex.Civ.App.), 319 S.W.2d 437. The findings, stipulations and pleadings in this case do not bring it within this settled rule of law. Looking only to these instruments we can only conclude Phillips was not an employee of Cox but was an employee of Bichsel, the owner of the truck. There is no finding relative to a conspiracy entered into by any of the parties; nor is there a finding relative to whether Bichsel held a permit. The record is also silent as to whether or not Bichsel carried workmen's compensation insurance or any other type of insurance. In the absence of a statement of facts every presumption must be indulged in favor of the trial court's findings and judgment. Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363, and cases therein cited. Under the facts and legal presumptions in this case, the fact Cox did not hold a certificate of convenience or a permit as required by Article 911b would not render him liable to appellant.

The judgment of the trial court is affirmed.

Affirmed.