**Wayne WILLMON, Appellant,**

v.

**SIGMA STEEL INCORPORATED,**
**Appellee.**

No. 17795.

Court of Civil Appeals of Texas,
Fort Worth.

April 29, 1977.

Brown, Herman, Scott, Dean & Miles and J. Lyndell Kirkley, Fort Worth, for appellant.

Robert J. Wilson, Burleson, for appellee.

## OPINION

SPURLOCK, Justice.

This is a suit brought by the guarantor of a note against the accommodation maker. After a nonjury trial the court denied contribution and rendered judgment that the guarantor recover from the accommodation maker the full balance due on the note.

We affirm.

American Conveyor Corporation (American) and Wayne Willmon (Willmon) executed a note payable to the order of Burleson State Bank (Bank). Sigma Steel, Inc. (Sigma) guaranteed payment of the note. American and Willmon defaulted and Sigma paid the Bank the unpaid balance. Bank then transferred and assigned the note to Sigma which thus became the owner and holder of the note.

Upon American's becoming insolvent, a credit association operated it under an arrangement with the creditors. American was sold under an agreement with Sigma and Willmon that Sigma retain its right to proceed against Willmon on the note.

Sigma obtained judgment against Willmon for the amount of the unpaid balance due on the note.

Willmon assigns only one point of error: "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT WAS NOT A CO–SURETY WITH APPELLEE ON THE AMERICAN CONVEYOR NOTE ENTITLING APPELLANT TO HAVE HIS LIABILITY THEREON LIMITED BY THE DOCTRINE OF CONTRIBUTION AMONG CO–SURETIES."

The trial court made findings of fact, stated in summary form in part as follows:

(1) American and Willmon were makers of the note; (2) Sigma was the guarantor; (3) American and Willmon defaulted; (4) Sigma paid the Bank $9,234.69; (5) the payee Bank endorsed the note to Sigma which acquired the right of subrogation against the obligors, American and Willmon; (6) Sigma retained the right to proceed against Willmon on the note when American was sold to Comanche Land and Cattle Co.; (7) Willmon had knowledge of and gave consent for the reservation by Sigma of its claim against him when the aforementioned sale was made; (8) the credit association paid Sigma $2,059.69 on the note on behalf of American; (9) Willmon and Sigma are not co-sureties on the note. Both are accommodation parties, but not accommodation makers and the doctrine of contribution does not apply. The liability of Willmon is several, not joint.

The court concluded Sigma was entitled to recover from Willmon the amount of the judgment rendered in this cause.

This appeal is before us without a statement of facts.

Tex.R.Civ.P. 377 provides in part that in a nonjury case where findings of fact and

conclusions are requested and filed, any party claiming that the findings of the court do not support the judgment may have noted in the record an exception to the judgment and then take an appeal without a statement of facts.

Willmon did not take the exception required by the above rule.

In *Phillips v. American General Insurance Company*, 376 S.W.2d 808, 810 (Tex. Civ.App., Amarillo 1964, no writ), the appellant excepted to the judgment in compliance with Tex.R.Civ.P. 307 and appealed without a statement of facts. That court held that: "In the absence of a statement of facts the appeal must be decided upon the transcript which includes the pleadings, stipulations, findings of facts, and judgment of the trial court (citing cases. It is therefore incumbent upon this court to affirm the judgment of the trial court unless the pleadings, stipulations and findings of the trial court do not support the judgment."

The transcript does not reflect whether the guaranty agreement with Sigma was in writing, oral, or both, nor the terms thereof. In the absence of a statement of facts, this court cannot ascertain the nature of the evidence heard and considered by the trial court in finding the facts and making the conclusions of law that flowed therefrom.

Tex.Bus. & Comm.Code Ann. § 3.415(e) (1968) provides that: "An accommodation party is not liable to the party accommodated, and if he pays the instrument has a right of recourse on the instrument against such party."

Under the facts, the legal presumptions, and the law applicable to this case, we find no reversible error in the judgment of the trial court. Appellant's point of error is overruled.

Judgment affirmed.